KNAPP and another, for use, etc., *v.* WILLIAMSPORT NAT. BANK.*

*(Circuit Court, W. D. Pennsylvania.   December 19, 1882.)*

NATIONAL BANK—USURIOUS DISCOUNT—PENALTY—SECTION 5198, REV. ST.—NEW TRIAL.

In this case the jury, in finding a verdict for the amount which plaintiff was entitled to recover, under section 5198 of the Revised Statutes of the United States, for alleged payments made to defendant by plaintiff of a usurious rate of discount, not having made certain deductions as instructed by the court, a new trial will be ordered, unless plaintiff, within 10 days, remit from the verdict all over the amount which the jury would have found had they followed the instructions of the court.

Rule for a New Trial.

Debt, by Knapp and Thompson, for use, etc., against the Williamsport National Bank, to recover the penalty, under section 5198 of the Revised Statutes of the United States, for alleged payments to defendant by plaintiffs of a usurious rate of discount.

On the trial, before McKENNAN and ACHESON, JJ., it appeared that the defendant had discounted for the plaintiffs accommodation and business paper, within two years prior to the commencement of the action, at the rate of 9 per cent. per annum, the total discount during that period being $2,170.04. The penalty was claimed in double that amount. It appeared that the bank credited the plaintiffs with the net proceeds of the accommodation paper at the time of their discount, and charged them with the face amounts at their maturity, and again crediting them with the net proceeds of the re-

*From Weekly Notes, (Pa.)   See 7 Sup. Ct. Rep. 274.

newals, until after the plaintiffs' failure, when the accommodation paper (none of which had been paid by the plaintiffs) was taken up and paid by plaintiffs' indorser, one Otto. It also appeared that plaintiffs made cash deposits with defendant, and drew checks thereon, a small balance being due plaintiffs at the date of their failure.

The defendant proved that among the business paper discounted by plaintiffs at defendant's bank were two notes of Snyder Brothers, amounting to some $1,200, and indorsed by plaintiffs, the proceeds of which were passed to the credit of plaintiffs. These notes were not paid at maturity, and the amounts due on them at the time of the trial was about $830, a payment having been made the bank by plaintiffs' assignee since the commencement of the action.

The defendants offered in evidence the following charters of banks in Pennsylvania, which charters, it was alleged, authorized the banks incorporated thereunder to take and receive a rate of interest or discount equal to or greater than that charged by the defendant in this case:

| NAME. | Date of Act of Incorporation. | Pamphlet L. | |
|---|---|---|---|
| The Southwark Banking Company of the city of Philadelphia, | June 2, 1871. | 1872, App. | 1359 |
| The Franklin Bank of the city of Philadelphia, | Apr. 1, 1870. | 1870, | 736 |
| The Germania Bank, located in the city of Philadelphia, | June 2, 1871. | 1874, App. | 325 |
| The United States Banking Company, located at Philadelphia, | June 2, 1871. | 1873, App. | 987 |
| The Twenty-second Ward Bank of Germantown, Philadelphia, | May 17, 1871. | 1871, | 886 |
| The Manayunk Bank, located in the city of Philadelphia, | June 14, 1871. | 1871, | 1358 |
| The Bank of America, located at Philadelphia, | Apr. 27, 1870. | 1871, App. | 1532 |
| The People's Bank of the city of Philadelphia, | Feb. 25, 1870. | 1870, | 237 |
| The Butchers' and Drovers' Bank at Philadelphia, | Apr. 27, 1870. | 1871, App. | 1537 |
| The Market Bank, to be located at Philadelphia, | Apr. 27, 1870. | 1871, App. | 1534 |
| The Quaker City Bank, | May 23, 1871. | 1871, | 1058 |
| The State National Bank, | June 2, 1871. | 1872, App. | 1357 |
| The Petroleum Bank, at Philadelphia, now the Shackamaxon Bank, | Nov. 30, 1871. | 1872, App. " | 1381 1037 |
| The Somerset County Bank, | Mar. 26, 1872. | 1873, | 1040 |
| The Watsontown Bank, | Mar. 27, 1872. | 1873, | 1043 |
| The Lycoming County Savings Bank, | Mar. 14, 1872. | 1873, | 1016 |
| The Iron & Glass Dollar Savings Bank of Birmingham, | Mar. 1, 1872. | 1872, | 191 |
| The Harmony Savings Bank, | Apr. 24, 1867. | 1867, | 1310 |
| The Germania Savings Bank of Pittsburgh, | Apr. 8, 1870. | 1870, | 1049 |
| The Iron Bank of Phœnixville, | May 4, 1871. | 1871, | 533 |
| The City Bank of Scranton, | Mar. 20, 1871. | 1877, | 432 |
| The State Bank of Delaware County, | May 19, 1871. | 1873, | 966 |

McKENNAN, J., charged the jury that the court was divided in opinion as to the effect of the offer of the charters of certain banks in Pennsylvania, and that they would now charge that the plaintiffs were entitled to recover, notwithstanding the offer, and that the difference of opinion of the court would be certified to the supreme court of the United States for final decision.

The plaintiffs are entitled to recover double the whole amount of the usurious rate of discount actually paid by them to the bank. The jury should ascertain the whole amount of discount received by the bank, from which they should deduct the discount on the last renewal of the accommodation paper which was paid by their indorser, Otto; from that balance they should deduct the amount due the bank on the Snyder notes, and twice that remainder should be the amount of their verdict.

Verdict for the plaintiffs for $3,085.34, whereupon the defendant obtained this rule.

---

From the deposition of a juror, it appeared that the jury, in making up their verdict, deducted the Snyder notes, after doubling the whole discount less the discount on the last renewals paid by Otto, the indorser, and that they put the amount of these on the Snyder notes at $750.

*C. La Rue Munson*, (with him *A. Candor, W. H. Armstrong*, and *H. W. Watson*,) for the rule.

The verdict was clearly against the weight of the evidence and the charge of the court. The Snyder notes were shown to be $1,200, less the payment of $370 in March, 1880, and this evidence was not contradicted. The balance due on these notes should have been deducted before doubling the discount. This deduction is not asked as an offset to a penalty, but as showing that to their extent the discount on the accommodation paper had not been paid to the bank by the plaintiff, they having been credited with the net proceeds of the accommodation paper, and charged with the face of such notes at their maturity, carrying them forward by renewals until their payment by Otto, plaintiffs' indorser; the bank having credited them with the net proceeds of the Snyder notes which still remain unpaid. *Swearingen* v. *Birch*, 4 Yeates, 322; *Steimetz* v. *Curry*, 1 Dallas, 234; *Wilson* v. *Whitaker*, 5 Phila. 358; *Hunt* v. *Bruner*, 6 Phila. 204; *Flemming* v. *Maine Ins. Co.* 4 Wheat. 59; *Ross* v. *Eason*, 1 Yeates, 14; *Pringle* v. *Gaw*, 6 Serg. & R. 298; *Willing* v. *Brown*, Id. 457; *Hill* v.

*City*, 2 Phila. 351; *Stack* v. *Patterson*, 6 Phila. 225; *Machette* v. *Lessig*, 9 Phila. 132; *Webb* v. *Mears*, 4 Phila. 321; *McIntosh* v. *Church*, 3 Phila. 33; *Andritz* v. *Wolf*, 7 Phila. 106; *Whitaker* v. *City*, 2 Weekly Notes, 619; *Wamsher* v. *Shoemaker*, 4 Weekly Notes, 73; *Emmet* v. *Robinson*, 2 Yeates, 514.

This court has decided that there are banks of issue in Pennsylvania, authorized to receive a greater rate of discount than 6 per cent. *First Nat. Bank Mt. Pleasant* v. *Duncan*, 6 Weekly Notes, 158.

The decisions of the supreme court of Pennsylvania construing a statute of the United States are not binding on the federal courts.

All banks may issue circulating notes unless prohibited by their charters. The issue of negotiable paper is an inherent right in every corporation unless expressly denied them.

None of the charters offered in evidence prohibit the banks thereby incorporated from issuing circulating notes.

The general banking act of April 16, 1850, (P. L. 477,) to which many of the banks named were subject, permitted the issue of circulating notes in express terms.

The plaintiffs can recover only double the excess over the legal rate. *Hintermister* v. *First Nat. Bank*, 64 N. Y. 212.

The plaintiffs can recover, if at all, only double the usurious interest actually paid by them, hence the jury should deduct the Snyder notes from the amount claimed by the plaintiffs as received by the bank.

*H. T. Ames*, (with him *H. C. Parsons* and *H. C. McCormick*,) *contra*.

The verdict of the jury on questions of fact ought not to be disturbed. There was some doubt as to the amount of the Snyder notes, and the finding of the jury should be conclusive. The deduction of the Snyder notes was virtually an offset, which is not allowed in an action to recover a penalty. *Lebanon Nat. Bank* v. *Karmany*, 11 Weekly Notes, 42; *Bletz* v. *Columbia Nat. Bank*, 6 Norris, 87; *First Nat. Bank Clarion* v. *Gruber*, 8 Weekly Notes, 119; *Columbia Nat. Bank* v. *Bletz*, Oct. T. Sup. Ct. at Pbg.

These cases settle the law of Pennsylvania that there are no banks of issue in this state authorized to charge interest at a higher rate than 6 per cent.; and these decisions being constructions of local statutes are binding on the federal courts in Pennsylvania.

The plaintiffs are entitled to recover double the whole amount of the discount paid—not only twice the amount of the excess over the

legal rate. *Lebanon Nat. Bank* v. *Karmany, supra; Columbia Nat. Bank* v. *Bletz, supra.*

*Eo Die.* THE COURT. The Snyder notes should have been deducted before the discount was doubled. That would not be an offset to a penalty. When the bank credited the plaintiffs with the proceeds of these notes, there was no appropriation of their amount by either party, and as the plaintiffs made no direct payment to the bank of the discount on the accommodation paper, it would now be equitable to make such deduction; for to the extent of such notes the discount had not been paid by the plaintiffs.

The deduction should have been made of the amount of the notes less the sum paid by plaintiffs' assignee thereon. As the penalty bears no interest, neither should there be any interest allowed on the Snyder notes.

Rule absolute, unless plaintiffs within 10 days remit from the verdict all above $2,150.34.

Oral opinion by McKENNAN, J.; ACHESON, J., concurring.